IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Wells Fargo Financial Leasing, Inc. <br><br> Plaintiff <br><br> v. <br><br> Target Ad, Inc. <br><br> Defendant | Civil Action <br><br> No. 09-340 |

March __24___, 2010

**MEMORANDUM**

In this diversity case, plaintiff Wells Fargo Financial Leasing, Inc, moves the court for a

default judgment against defendant Target Ad, Inc. For the reasons given below, I will grant

plaintiff's motion and enter a default judgment against the defendant in the amount of

$84,142.07.

**I. Facts[1]**

On April 26, 2006, the defendant entered into a lease agreement and amendment

("Agreement") with a third party, William A. Fraser Inc., pursuant to which defendant leased

certain equipment. The lease was later assigned to plaintiff. On January 23, 2009, plaintiff filed

---

[1] Defendant has not answered any of the plaintiff's filings in this case. Accordingly, I
state the facts as culled from the documents filed on plaintiff's behalf.

a complaint against defendant alleging breach of the Agreement. The defendant failed to respond to the complaint and a default was entered against the defendant on March 5, 2009 by Magistrate Judge Angell.

Under the terms of the Agreement, defendant was responsible for making monthly payments for use of the equipment as well as paying for insurance and taxes on the equipment. In the event of default, defendant agreed to pay the following: (1) the unpaid balance of the Agreement discounted at six percent, (2) fifteen percent late fee on any late payment, (3) actual court costs incurred in collection, and (4) reimbursement of any taxes or insurance paid for by the plaintiff. After the equipment was delivered, defendant signed an acceptance certificate certifying the equipment was received in good condition and that defendant would pay the vendor for the leased equipment. Plaintiff alleges that after it was assigned the lease, defendant made several payments due under the lease, then breached the contract by failing to remit the remaining payments as they became due.

On May 12, 2009, plaintiff filed a motion seeking entry of default judgment for the amounts due under the Agreement. Plaintiff seeks the balance due under the lease in the amount of $61,858.87, taxes in the amount of $3711.53, late charges in the amount of $617.20, insurance in the amount of $326.05, and attorney's fees in the amount of $16,628.42, for a total amount of $83,142.07. Defendant has once again failed to respond.

## II.

### A. Default Judgment

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter a default judgment in cases where the defendant is not "an infant or incompetent person." In *Chamberlain v.*

*Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000), the Third Circuit observed that, when entertaining an application for a judgment by default, a district court should consider the existence of "prejudice to the plaintiff if default is denied," as well as "whether the defendant appears to have a litigable defense."

In this case, the plaintiff will be prejudiced if default is not entered. Plaintiff filed a complaint nearly one year ago, and has invested significant time in the proceedings. Defendant has failed to respond in any way. Additionally, as the defendant has not submitted any responsive pleadings, the court must assume it has no litigable defense. *See Spencer v. Frank*, 88-1413, 1990 WL 99110 (E.D. Pa. 1990) (assuming where plaintiff failed to respond to defense's contention that plaintiff has no cognizable defense). Accordingly, I will enter a default judgment for plaintiff against defendant.

## B. Amount Requested

Because this is a diversity case, Pennsylvania law governs the awarding of attorney's fees. *See Abrams v. Lightolier Ins*., 50 F.3d 1204, 1224 (3d Cir. 1995) (stating federal court should look to state law to determine the rule of decision as to attorney's fees in a state-law case).

Pursuant to Federal Rule of Civil Procedure § 54(d)(2), a party may file a motion for attorney's fees after entry of a default judgment. Under Pennsylvania law, "there is no recovery of attorney's fees from an adverse party in the absence of an express statutory authorization, clear agreement between the parties, or the application of a clear exception." *Bayne v. Smith*, 965 A.2d 265, 267 (Pa. Super. 2009). Where there is an agreement which provides a remedy for reasonable collection costs, the right to costs and attorney's fees arises from a favorable default verdict. *De Lage Landen Financial Services, Inc. v. Rozentsvit*, 939 A.2d 915 (Pa. Super. 2007).

The Agreement contains a remedy for reasonable collection costs: defendant explicitly agreed to pay plaintiff "reasonable attorney's fees and actual court costs" as well as a late charge of fifteen percent of any late payments, taxes, and interest.  Plaintiff has also been granted a favorable default verdict, accordingly, plaintiff is entitled to costs and fees arising from the breach of contract.

Thus the only issue remaining is whether the amounts requested by the plaintiff are appropriate.  The parties have the right to enter into a contract, and "it is not a function of this court to re-write it." *Hagarty v. William Akers, Jr. Co.*, 20 A.2d 317, 319 (Pa. 1941).  In their agreement the parties did not stipulate to the amounts.  They agreed on the categories of money to be recovered in the event of default.

Plaintiff requests the balance due under the lease in the amount of $61,858.87, taxes in the amount of $3711.53, late charges in the amount of $617.20, and insurance in the amount of $326.05.  Plaintiff submitted an affidavit from Peter G. Sullivan, Loan Adjuster for Wells Fargo Financial Leasing, Inc. in support of these amounts.  As defendant has raised no objection to these figures, the amount requested by plaintiff is granted.

I must also determine whether the attorney's fees requested are reasonable.  They are. Under the Agreement, defendant contracted to pay plaintiff's reasonable attorney's fees if the Agreement were referred to an attorney for collection.  Where reasonable attorney's fees are stipulated to in a contract, the court must review the requested fee for reasonableness. *McMullen v. Kutz*, 925 A.2d 832, 835 (Pa. Super. 2007).  Plaintiff requests $16,628.42, or approximately twenty-five percent of the amount recovered.  In support of this figure, plaintiff has submitted an affidavit from Nicola G. Suglia, Esquire, attorney for plaintiff from the firm Fleischer, Fleischer

& Suglia, stating that the customary fee the firm charges for debt collection matters is between

twenty percent and thirty-three percent of the amount collected on behalf of the client. As the

affidavit from plaintiff's attorney is evidence of the reasonableness of the twenty-five percent fee,

plaintiff is entitled to the fee requested. *See Jackson v. Secretary of Dept. of Health and Human

Services of U.S.*, 1989 WL 83493 (E.D. Pa. 1989) (finding twenty-five percent contingency fee

reasonable).

### III.

Accompanying this memorandum is the appropriate order.

## ORDER

**AND NOW**, this __ day of March, 2010, upon consideration of plaintiff's Motion to Enter Judgment by Default, and for the reasons given in the accompanying memorandum, it is hereby **ORDERED** that:

1. default judgment is entered in favor of plaintiff in the amount of $83,142.07.


BY THE COURT:


_____

Pollak, J.